◼ In the Matter of the Claim of RUBEN F. FRIES, Respondent, v. RIDGE LUMBER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed November 22, 1968, which affirmed an award of compensation from January 12, 1968 to April 8, 1968 for accidental frostbite of both feet, but rescinded the Referee's determination to continue payments after the latter date and restored the claim to the calendar for further proceedings with respect to disability subsequent to April 8, 1968. Fries worked as a truck driver and yard worker for Ridge Lumber, Inc., a dealer in lumber, hardware and building materials, for a span of seven months terminating on January 4, 1968 when he claims his feet were frostbitten while working in frost, snow and ice. There are record indications that on the day after last working claimant informed his foreman that his feet were bothering him and, believing the illness not work connected, that he filled out a form for disability benefits. He was first treated on January 12, 1968 at a veteran's hospital, the report of which states that claimant noted four days prior to admission that skin had fallen from toes on one foot and that he had been drinking heavily prior to admission. Appellants contend that the temperatures for the last four days of work were considerably higher than for the four days before entering the hospital. The record being barren of medical evidence bearing on the question of causal relationship (*Matter of Grossman* v. *Posture Line Shops*, 28 A D 2d 1149; *Matter of Falconer* v. *Proto Tool Co.*, 19 A D 2d 926) and this not being a situation in which causal relation is so apparent that medical testimony is not necessary (cf. *Matter of Swanson* v. *Williams & Co.*, 278 App. Div. 477, affd. 304 N. Y. 624), proof should be taken on said issue. Decision reversed and claim remitted for further proceedings, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.